FILED
United States Court of Appeals
Tenth Circuit

February 10, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROMAN SANTISTEVAN,

Defendant-Appellant.

No. 10-1329
(D.C. No. 1:07-CR-00435-REB-2)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

In the district court, Roman Santistevan pleaded guilty to three counts of

Hobbs Act robbery (and aiding and abetting thereof) in violation of 18 U.S.C.

§ 1951 and 18 U.S.C. § 2, and one count of using and carrying a firearm during

and in relation to a crime of violence (and aiding and abetting thereof) in

violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Now on appeal, Mr. Santistevan seeks to challenge the validity of his guilty plea, arguing that the district court did not fulfill the requirements of Rule 11 because it failed to recite the elements of the offenses to which he pleaded guilty during the plea colloquy. The problem is Mr. Santistevan never presented this argument to the district court in the first instance. Although Mr. Santistevan makes much of the fact that he later sought to withdraw his plea, at no point in his submissions to the district court or at the hearing related to that issue did he raise any concern with the adequacy of the district court's Rule 11 colloquy. Accordingly, we may review Mr. Santistevan's appeal only for plain error. *See* Fed. R. Crim. P. 52(b). Under that standard, Mr. Santistevan is entitled to relief only if he can show that the district court committed (1) error, (2) that is plain, and (3) affects his substantial rights, as well as (4) the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ferrel*, 603 F.3d 758, 763 (10th Cir. 2010).

At the very least, Mr. Santistevan cannot satisfy the third of these requirements. "In the context of a plea agreement, an error affects substantial rights if it is prejudicial — that is, if the defendant can show that he would not have pleaded guilty had the court complied with Rule 11." *Id.* Here, Mr. Santistevan correctly notes that the district court, at his Rule 11 plea colloquy, did not explicitly inform him of the elements of the offenses to which he pled guilty. But as we have repeatedly noted, "a defendant who receives the information

omitted by the district court from other sources generally cannot demonstrate that he would not have pleaded guilty had the court also so informed him." *Id*. Such is the case here.

Indeed, Mr. Santistevan learned of the elements of the offenses charged from multiple sources. The elements were set forth in the plea agreement, which Mr. Santistevan signed and testified under oath he had read. Mr. Santistevan also signed a statement prior to the Rule 11 hearing acknowledging that he had discussed the elements of the offenses with his attorney. Finally, at the Rule 11 hearing itself, the government recited each of the charges to which Mr. Santistevan was pleading guilty, including the elements of each offense. In fact, the government asked Mr. Santistevan after each count was described whether he understood that charge, and he promptly replied yes on each occasion.

Simply put, the record is devoid of any indication that Mr. Santistevan would not have pleaded guilty and would have instead exercised his right to trial had the district court properly informed him of the elements of the crimes with which he was charged. Thus Mr. Santistevan has not satisfied his burden of

showing that the district court's alleged error affected his substantial rights, and so cannot prevail on plain error review. The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge